district of Missouri granted a warrant for his arrest and removal. I am of the opinion that the views presented by the attorney general on this branch of the case are untenable.

It was insisted by the learned attorney general that the relator had no authority, except that conferred on him by the marshal, who specially deputed him to execute eight or ten warrants, and having taken no oath of office in this state, he was, therefore, not an officer of the United States, and so could not execute the warrant. The appointment is this: "I hereby depute H. W. Hendricks as my special deputy to execute the within warrant. (Signed) W. H. Smyth, U. S. Marshal." The twenty-seventh section of the act of 1789 (1 Stat. 72), after speaking of the appointment and removal of marshals, says: He shall have power "to appoint as there shall be occasion one or more deputies, who shall be removable from office by the judge of the district court, or the circuit court sitting within the district, at the pleasure of either; * . * * and the marshal shall take before said judge, as shall also his deputies, before they enter on the duties of their appointment, the following oath of office." And the seventh section of the act of July 29. 1861 (12 Stat. 282), declares that the marshals of the several districts "shall have the same powers in executing the laws of the United States, as sheriffs * * * in the several states, have by law, in executing the laws of the respective states." Ballard, J., in U. S. v. Jailer, supra, said: "The authority to appoint a special bailiff to execute a particular process, is recognized by all the authorities as appertaining to the sheriff." Conk. Prac. p. 319. says: "The service may be made by the marshal, by a general deputy, or by a special deputy or bailiff, constituted for that purpose." This is the practice in England, and I learn that it is the common practice throughout the Union. Indeed. it is authorized by the act of congress just quoted (and which is but a copy of the act of February 28. 1795); for it expressly gives to the marshals the same powers. in executing the laws of the United States. as sheriffs in the several states have. The relator was specially deputed in writing. In this state, a deputy sheriff may be appointed by parol. So even a deputy sheriff may appoint a bailiff to do a particular act. Matthis v. Pollard, 3 Kelly. 1; McGuffie v. State, 17 Ga. 497. But the point in the argument most strenuously insisted on was that the relator had taken no oath of office in this state, and therefore he was not an officer of the United States; so could not execute this warrant. There is no evidence before the court whether he was sworn or not. The marshal testified that he "did not know whether he was sworn." The relator was not asked whether he had taken the oath. When the marshal appointed him a special deputy, and he accepted the appointment, this instated him; and the law will presume that he complied with all its requirements before acting. In the case of U. S. v. Bachelder [Case No. 14,490]. Mr. Justice Story said: "If an officer of the customs be duly commissioned, and be found acting in the duties of his office, the law presumes that he has taken the regular oaths until the contrary appears."

The court is of the opinion that the writ must be upheld. and, on payment of costs, the prisoner is discharged.

When the court announced its judgment discharging the prisoner, the attorney general of the state asked for an appeal to the supreme court of the United States, and that the relator give bail for his forthcoming should the judgment of this court be reversed. To-day the matter was heard, and the court decided that, under the act of 1833, no appeal lay in this case.

---

## Case No. 15,314.

### UNITED STATES v. HARRIS.

[12 Blatchf. 434.] [1]

Circuit Court. S. D. New York.  Jan., 1875.

CRIMINAL LAW — EVIDENCE — PROOF OF OTHER CRIMES—SMUGGLING.

On the trial of an indictment for smuggling, an officer of the customs, having given evidence for the defendant, the court refused to allow the counsel for the United States to interrogate him as to violations of the revenue laws committed by him, but in no way connected with the charge under consideration, for the purpose of discrediting him as a witness.

This was an indictment [against David P. Harris] for smuggling:

Ambrose H. Purdy, Asst. Dist. Atty.
Samuel G. Courtney. for defendant.

Before BENEDICT, District Judge.

An officer of the customs, having given evidence for the defendant. the court refused to allow the counsel for the United States to interrogate him as to violations of the revenue laws committed by him, but in no way connected with the charge under consideration. for the purpose of discrediting him as a witness.

---

## Case No. 15,315.

### UNITED STATES v. HARRIS.

[1 Sumn. 21.] [2]

Circuit Court, D. Massachusetts.  Oct. Term, 1830.

EMINENT DOMAIN—STREETS AND HIGHWAYS—EASEMENTS—OWNERSHIP OF FEE.

1. Where the legislature by a special act authorizes a street or highway to be laid out. and bars any action for possession or damages after

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]
[2] [Reported by Charles Sumner, Esq.]